UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALBERT ALEGRIA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-630 |
| | § | |
| CLASSIFICATION COMMITTEE, *et al*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

Plaintiff Albert Alegria filed a complaint under 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment rights. Defendants Texas Department of Criminal Justice - Classification and Records Division ("TDCJ") and Texas Board of Pardons and Paroles ("TBPP") moved for summary judgment. For the reasons stated below, defendants' motion is granted and plaintiff's complaint is dismissed with prejudice.

**I.   Background**

At all times relevant to this case, Alegria was an inmate in the TDCJ. Alegria contends that he has been denied parole and prohibited from having contact visits with his grandchildren based on TDCJ's erroneous classification of him as a sex offender and as having used a deadly weapon in a prior crime. He argues that the allegedly erroneous classification and resulting deprivations violate his right to procedural due process under the Fourteenth Amendment. He seeks monetary and injunctive relief.

Defendants acknowledge that Alegria has never been convicted of a sex offense, or of a crime involving the use of a deadly weapon. *See* Motion for Summary Judgment at 8. Alegria has four convictions: three drug offenses and one conviction for third degree kidnaping. *Id.*; Def. Exh. B at 526-29. He was charged with aggravated sexual assault of a child while he was

on parole from a prior sentence, but those charges were dismissed. *Id.* at 8-9; Defs. Exh. B at 710, 857. As a result of this arrest and subsequent indictment, the TBPP revoked Alegria's parole in 1995.

Alegria was subsequently released to mandatory supervision in 1998. *Id.* at 464-66. The TDCJ Parole Division subsequently recommended that the TBPP evaluate Alegria for inclusion in the Sex Offender Treatment Program. *Id.* at 688. The following month, a special condition was imposed on Alegria and he was included in the program. *Id.* at 688-89.

Alegria's parole was revoked in 1999, and he was again released on mandatory supervision in 2000. *Id.* at 625. The same special condition was again imposed. *Id.* at 580-84. Alegria was evaluated, and it was recommended that he be referred to sex offender treatment. This recommendation was based on testing and Alegria's criminal history, which included a number of assaults. *Id.* at 850. As a result of this recommendation, the TBPP imposed a special condition requiring Alegria to participate in the sex offender treatment program. *Id.* at 393. While on parole in 2003, Alegria was convicted of a drug offense and sentenced to 18 years imprisonment. Defs. Exh. B at 526-29.

Joseph Bon-Jorno, a Manager of the Sex Offender Rehabilitation Programs, explains that non-sex offenders may be referred to the sex offender programs "to reduce recidivism and improve knowledge, social interaction and life skills . . ." Defs. Exh. E at 1. Because Alegria was not convicted of a sex offense, however, he would not be identified as a sex offender. *Id.*

Defendants note that Alegria is not now identified as a sex offender. They acknowledge that he was incorrectly given a visitation restriction regarding minor children, but note that the restriction has been corrected. His records contain no mention of a finding that he used a deadly weapon in his crimes. *See* Defs. Exh. E, J.

## II. Analysis

### A. Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

### B. Eleventh Amendment Immunity

Defendants argue that the Eleventh Amendment renders them immune from suit. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As state agencies, the defendants are immune from suit under the Eleventh Amendment. *See, e.g.*, *Littles v. Board of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995)("The Texas Board of Pardon and Paroles, a division of the Texas Department of Criminal Justice, is cloaked with Eleventh Amendment immunity"). While a plaintiff may seek injunctive relief against a particular state official, *see Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985), he may not sue the State itself or one of its agencies for such relief. Therefore, plaintiff's claims are barred by the Eleventh Amendment.

### C. Habeas Corpus/Section 1983

To the extent that Alegria challenges a decision to deny him parole, such claim is not cognizable in an action under 42 U.S.C. § 1983. "It is clear, not only from the language of ss 2241(c)(3) and 2254(a), but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, to the extent that Alegria contends that the allegedly improper actions by parole officials have resulted in denial of parole, or may so result in the future, his remedy lies in habeas corpus, not in a civil suit under 42 U.S.C. § 1983. *Id.* at 487-88.

### D. Visitation Restrictions

Alegria also complains that he was denied contact visits with his grandchildren due to being erroneously classified as a sex offender. Defendants deny that Alegria is classified as a sex offender, but acknowledge that there was an erroneous restriction placed on him that prohibited contact visits with minor children. They also state that this error has been corrected. Defs. Exh. E at 2. Therefore, any claim for injunctive relief regarding this visitation restriction is now moot.

### E. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment is granted and Alegria's complaint is dismissed.

### III. Order

It is ORDERED that:

1. The defendants' motion for summary judgment (Dkt. No. 17) is GRANTED; and

2. The complaint (Dkt. No. 1) is DISMISSED WITH PREJUDICE.

SIGNED on this 30th day of January, 2015.

_____

Kenneth M. Hoyt
United States District Judge